IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACQUELINE HOOD,

                    Plaintiff,

v.

EXACT SCIENCES LABORATORIES, LLC,

                    Defendant.

OPINION and ORDER

18-cv-879-jdp

---

Plaintiff Jacqueline Hood is suing her former employer, Exact Sciences Laboratories, LLC, for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Exact Sciences filed a motion to compel responses to its interrogatories and requests for production. Dkt. 10. Magistrate Judge Crocker granted that motion and granted Exact Sciences' request for cost-shifting under Federal Rule of Civil Procedure 37(a)(5). Dkt. 14. After Exact Sciences submitted an itemized reimbursement request and Hood filed her objections, Magistrate Judge Crocker ordered that Hood and her attorney were "jointly and severally liable to pay $5000 to defendant's law firm not later than September 24, 2019." Dkt. 18.

Hood's counsel, Shannon McDonald, has now moved for reconsideration of Magistrate Judge Crocker's decision.[1] Dkt. 19. Although McDonald cites Rule 60, the request is more properly considered under 28 U.S.C. § 636(b)(1)(A). McDonald doesn't challenge the conclusion that fee shifting is appropriate, but he says that it was Hood, not he, who was responsible for the failure to produce information in response to Exact Sciences' discovery

---

[1] McDonald filed a motion seeking leave to withdraw from the case earlier this week, Dkt. 24, but he was Hood's legal representative at all times relevant to the motion to compel.

requests. So he asks the court to amend the fee-shifting decision to require that "only the Plaintiff . . . be responsible for paying expenses and fees related to her failure to produce information in discovery." Dkt. 20, at 3.

The court will deny the motion. Hood's counsel has not shown that Magistrate Judge Crocker's decision was clearly erroneous or contrary to law, as he must under § 636(b)(1)(A). When a court grants a motion to compel discovery, Rule 37 mandates that it "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A). "District courts have broad discretion in supervising discovery, including deciding whether and how to sanction . . . misconduct . . . ." *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012). That discretion necessarily extends to decisions about how to apportion costs awarded under Rule 37(a)(5)(A) between a party and her lawyer.

McDonald asks the court to take account of Hood's failure to cooperate in the discovery process in apportioning costs. Rule 37 does not address how a party's relative blameworthiness should factor into fee-apportionment decisions. McDonald cites two cases in which courts have apportioned fees based on fault, but both are cases in which attorneys were held solely responsible for the costs in question. *See Rackemann v. LISNR, Inc.*, No. 117CV00624, 2018 WL 3328140, at *7 (S.D. Ind. July 6, 2018); *Thompson v. Fajerstein*, No. 08 CV 3240, 2010 WL 4628515, at *1 (N.D. Ill. Nov. 8, 2010). McDonald cites no case in which a court has let an attorney of the hook and instead held the client entirely responsible for costs. And the court would not do so absent clear evidence in the record that the attorney were truly blameless. There is no such evidence here.

2

Attorneys have an obligation to the court and to opposing counsel to comply with discovery obligations, even when a client is being difficult or unresponsive. Here, McDonald missed a discovery deadline without notifying Exact Sciences or seeking its consent to an extension. He blames the delay on Hood's noncooperation, but so long as McDonald continued to represent Hood in this case, the buck stopped with him.

Because Magistrate Judge Crocker's cost-shifting decision was not clearly erroneous or contrary to law, the court will deny Hood's motion to reconsider and affirm the decision holding Hood and her counsel jointly and severally liable for Exact Sciences' costs. The court denies Exact Sciences' request that Hood pay for its fees in responding to the motion for reconsideration. McDonald made a nonfrivolous argument which required only a succinct response.

ORDER

IT IS ORDERED that plaintiff Jacqueline Hood's motion to reconsider, Dkt. 19, is DENIED.

Entered August 22, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge